UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUNBELT RENTALS, INC.,

      Plaintiff,

v.                          Case No: 2:24-cv-947-JES-KCD

BRIAN COX, Individually and
LTC POWER SOLUTIONS LLC, a
Florida Limited Liability
Company,

      Defendants.

_____

## OPINION AND ORDER

This case is before the Court on plaintiff Sunbelt Rentals, Inc.'s (plaintiff or Sunbelt) timely[1] Motion for Remand (Doc. #12) filed on October 22, 2024. Defendants' Response in Opposition (Doc. #19) was filed on November 5, 2024. With leave of Court, Sunbelt filed a Reply to Defendants' Response (Doc. #22) on November 11, 2024.

Sunbelt seeks to have the case remanded to state court because the removal to federal court was pursuant to a "snap removal,"[2] which Sunbelt asserts violated the forum-defendant rule contained in the removal statutes and is the product of "gamesmanship".

_____

[1] See 28 U.S.C. § 1447(c).

[2] A "snap removal" refers to the situation where defendant(s) quickly removes the action to federal court prior to any forum defendant being served with legal process.

Sunbelt also seeks an award of attorney fees and costs pursuant to 28 U.S.C. § 1447(c).  For the reasons set forth below, the motion to remand and the request for attorney fees and costs are denied.

## I.

In March 2019, Brian Cox (Cox) signed an Employment Agreement (the Agreement) with Sunbelt which contained restrictive covenants regarding confidential information, working for a competing business, and soliciting business. (Doc. #1-1 at 67.)  In April 2024, Cox's employment with Sunbelt was terminated, and he later began working for LTC Power Solutions LLC (LTC Power), a competitor of Sunbelt.  (Doc. #9 at ¶¶ 5, 10.)  In a September 6, 2024, letter Sunbelt communicated with LTC Power about the provisions of its employment agreements with Cox and three other former employees and about LTC Power's tortious interference with Sunbelt's contractual relationships.  (Doc. #1-1 at 76-87.)  In a letter dated September 20, 2024, Sunbelt advised Cox for the second time of his post-employment obligations under his Agreement.  (Id. at 112.)  In late September and early October 2024 attorneys for Sunbelt and attorneys for LTC Power engaged in various communications about the ongoing situation.

Shortly after 5 p.m. on Thursday October 3, 2024, Sunbelt's counsel sent an email to LTC Power's counsel stating in part: "Sunbelt will be moving forward with filing a lawsuit as this has

had and will have a significant impact on our operations, particularly if it continues." (Doc. #19-1, at p. 4.) Less than an hour later, Sunbelt filed a Verified Complaint for Damages and Injunctive Relief (the Complaint) in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, along with a Motion for Preliminary Injunction and proposed Summonses. (Doc. #1-1.) Count I alleges a breach of contract against Cox and seeks injunctive relief pursuant to the Agreement; Count II alleges breach of contract against Cox and seeks monetary damages; Count III alleges tortious interference with contractual relationship against LTC Power; and Count IV alleged tortious interference with business relationships against Cox and LTC Power. (Doc. #9.)

On Monday October 7, 2024, at 9:48 a.m. counsel for Sunbelt advised counsel for LTC Power by email that the lawsuit against Cox and LTC Power had been filed, along with a Motion for Preliminary Injunction. This email also inquired whether counsel would like to accept electronic service on behalf of LTC Power. (Doc. #12-1 at 3.) About fifteen minutes later, by email, counsel for LTC Power requested a copy of the Complaint from Sunbelt's attorney, and stated she was not yet authorized to accept service. (Id. at 2.) Within minutes, Sunbelt's counsel emailed a copy of the Complaint to opposing counsel. (Id.)

Due to hurricane Milton, the Lee County Clerk's Office closed at noon on October 7, 2024, although online services were still available.[3]  The Clerk's Office reopened on Monday October 14, 2024, with normal business hours.[4]

On Thursday, October 10, 2024, defendants' counsel filed a Notice of and Petition for Removal (the Notice of Removal) in federal court.  (Doc. #1.)  The Notice of Removal asserted that the state case was being removed to federal court based on diversity of citizenship.  Defendants filed the Notice of Removal before either defendant was officially served with the Complaint or a summons by legal process.

A copy of the Notice of Removal was filed in state court on Tuesday October 15, 2024.  (Doc. #10-1.)  On Thursday October 17, 2024, the Clerk of Lee County issued the summonses.  (Id. at 12.)  On the same date, the federal court directed defendants to file a supplement regarding the citizenship of Cox and LTC Power to establish subject matter jurisdiction.  (Doc. #11.)  On October

---

[3] See https://www.leeclerk.org/Home/Components/News/News/1353/75.

[4] See https://www.leeclerk.org/Home/Components/News/News/1355/75.

24, 2024, defendants filed an Amended Notice of and Petition for Removal (Doc. #15) in response to the Court's Order.

## II.

"While § 1332 allows plaintiffs to invoke the federal courts' diversity jurisdiction, § 1441 gives defendants a corresponding opportunity" if plaintiff has not done so. Lincoln Prop. Co. v. Rache, 546 U.S. 81, 89 (2005). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, in the usual case, a state court defendant may remove a case to federal court "if the case could have been filed in federal court originally." Hill v. BellSouth Telecomms., Inc., 364 F.3d 1308, 1314 (11th Cir. 2004) (citing 28 U.S.C. § 1441(a)).

The district courts of the United States have original jurisdiction over certain civil actions between citizens of different States. Article III, Section 2 of the United States Constitution provides that "[t]he judicial Power [of the United States] shall extend to ... to Controversies ... between Citizens of different States." Beginning with the Judiciary Act of 1789, ch. 20, § 11, 1 Stat. 78, Congress authorized federal courts to

exercise jurisdiction based on the diverse citizenship of the parties.   JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd., 536 U.S. 88, 96 (2002).  Since Strawbridge v. Curtiss, 3 Cranch 267 (1806), this has required complete diversity of citizenship on both sides. Congress has also placed an amount in controversy restriction on such federal jurisdiction, currently set at $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

As authorized by § 1441(a) ("Except as otherwise expressly provided by Act of Congress…."), the removal statutes impose another restriction where the removal of a civil action is based solely on diversity of citizenship: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  This is commonly referred to as the 'forum defendant rule.'

The federal statutes also set forth the general procedure for removal of civil actions.  28 U.S.C. § 1446.  A defendant desiring to remove "any civil action" "shall file" a signed "notice of removal" in the appropriate federal court "within which such action is pending."  28 U.S.C. § 1446(a).  The notice of removal must

contain "a short and plain statement of the grounds for removal" and include "a copy of all process, pleadings and orders served upon such defendant or defendants in such action." Id.  The notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading" or "after the service of summons…." Id. at § 1446(b)(1). "Promptly" after the filing of the notice of removal in federal court, a defendant "shall give written notice" of the filing "to all adverse parties" and file a "copy of the notice with the clerk of such State court." Id. at § 1446(d).  The filing of the notice of removal with the state court clerk "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." Id.  Once the notice of removal is filed, the state court loses all jurisdiction and any subsequent state court proceedings in the action prior to a remand are void.  Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano, 589 U.S. 57, 63-64 (2020).  If there is a time delay between the filing of the notice of removal in federal court and the filing of a copy of the notice of removal in state court, the federal and state courts have concurrent jurisdiction until state court jurisdiction ends by the filing of the copy of the notice of removal in state court. Preston v. Allstate Ins. Co., 627 So. 2d 1322, 1324 (Fla. 3d DCA 1993).  Upon entry of an order of remand,

"[t]he State court may thereupon proceed with such case." 28 U.S.C. § 1447(c).

### III.

Sunbelt argues that remand is required because the removal violated the forum-defendant statute and was the product of "gamesmanship." Defendants respond that removal complied with the forum-defendant statute because the notice of removal was filed before Sunbelt served any forum defendant and there was no gamesmanship by them.

**A. Complete Diversity, Forum Defendants**

It is undisputed that there is complete diversity of citizenship between plaintiff and defendants. Sunbelt filed an Amended Notice of and Petition for Removal (Doc. #15) which clarified the citizenship of defendants Cox and LTC Power, and complete diversity of citizenship has never been challenged by defendants or plaintiff. It is also undisputed that both defendants are citizens of the forum state – Florida. Indeed, both defendants have advised the Court that they are citizens of Florida. (Doc. #6, p. 2.) Additionally, it is undisputed that the parties are "properly joined" within the meaning of § 1441(b)(2). Thus, the only issue under § 1441(b)(2) is whether either defendant had been "properly ... served" by the time of removal. If so, the removal violated Section 1441(b)(2).

**B. Non-Jurisdictional Issue**

Defendants view this issue as jurisdictional: "Does the Court have jurisdiction under the removal statute or does it not." (Doc. #19 at 2.)  However, the propriety of this removal is not a jurisdictional issue but a procedural one.  Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1372 n.4 (11th Cir. 1998) (defect in removable is waivable); Texas Brine Co., L.L.C. v. Arbitration Ass'n, Inc., 955 F.3d 482, 485 (5th Cir. 2020)("We begin by recognizing that the forum-defendant rule is a procedural rule and not a jurisdictional one."); Holbein v. TAW Enterprises, Inc., 983 F.3d 1049, 1053 (8th Cir. 2020) (en banc) (collecting cases from nine circuits holding that violation of the forum-defendant rule is non-jurisdictional and waivable).  While the forum-defendant rule is procedural, compliance with it has not been waived by Sunbelt, which has filed a timely motion challenging defendants' compliance.

**C. Forum-Defendant Statute**

The Supreme Court has loosely summarized the general rule as follows: "When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in

which such action is brought,' § 1441(b)." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." Lincoln Prop. Co., 546 U.S. at 84. The Eleventh Circuit has used similar language. "The parties agree that this case, filed in Florida state court, was not removable as originally filed because the Defendant [] was alleged to be a citizen of Florida. A case cannot be removed on the basis of diversity jurisdiction if a defendant is 'a citizen of the State in which such action is brought.'" Moore v. N. Am. Sports, Inc., 623 F.3d 1325, 1328 (11th Cir. 2010)(citations omitted).

More recently, courts have taken a closer look at the effect of the mere presence of a named forum defendant in a complaint. At least three federal courts of appeal have expressly interpreted the forum-defendant statute to allow removals before service of process on a named forum defendant, i.e., a snap removal. Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 152 (3d Cir. 2018) ("Starting with the text, we conclude that the language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly

joined and served."); <u>Gibbons v. Bristol-Myers Squibb Co.</u>, 919 F.3d 699, 705 (2d Cir. 2019) ("By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."); <u>Texas Brine Co., L.L.C. v. Arbitration Ass'n, Inc.</u> 955 F.3d 482, 486 (5th Cir. 2020)(agreeing with <u>Gibbons</u>).

The Eleventh Circuit has not decided the propriety of a snap removal. In an unpublished opinion, the Eleventh Circuit had no difficulty in approving removal prior to service of process.

> The Whitehursts' additional arguments concerning removal are likewise without merit. They claim that Wal-Mart presented no evidence that it had been served with the complaint at the time it filed its notice of removal. But nothing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal. <u>See, e.g.,</u> <u>Delgado v. Shell Oil Co.</u>, 231 F.3d 165, 177 (5th Cir. 2000); <u>City of Ann Arbor Employees' Retirement System v. Gecht</u>, No. C-06-7453, 2007 WL 760568, at *9 (N.D. Cal. Mar. 9, 2007) (collecting cases).

<u>Whitehurst v. Wal-Mart</u>, 306 F. App'x 446, 448 (11th Cir. 2008). Several years later, however, the Circuit was more skeptical, stating in dicta:

> By its terms, the forum-defendant rule applies only if a forum defendant has been "properly joined and served." 28 U.S.C. § 1441(b) (2006). Relying on this language, the district

court held that this case was removable at the time of removal because the forum defendant [] had not yet been served. That aspect of the district court's order is not before us, and we assume *arguendo* that it is correct. We nevertheless conclude that Defendants' right of removal, if any, was not at the core of what the removal statute protects.

The forum-defendant rule clearly contemplates Plaintiff's ability to defeat Defendants' purported right of removal in this case. It is undisputed that if [the forum defendant] had been served before defendants removed this case, the forum-defendant rule would have barred removal. The only reason this case is in federal court is that the non-forum defendants accomplished a pre-service removal by exploiting, first, Plaintiff's courtesy in sending them copies of the complaint and, second, the state court's delay in processing Plaintiff's diligent request for service. Defendants would have us tie the district court's hands in the face of such gamesmanship on the part of Defendants. Moreover, their argument, if accepted, would turn the statute's "properly joined and served" language on its head.

Congress added the "properly joined and served" language to the statute in 1948. Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640, 644 (D.N.J. 2008). The published legislative history apparently contains no explanation for this addition. Id. (describing a "thorough examination" thereof). Multiple courts, however, have interpreted it as an effort to prevent gamesmanship by plaintiffs. See id. at 643 (collecting cases). In the view of these courts, the purpose of the language is "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve." Id. at 645. We find this interpretation persuasive.

Goodwin v. Reynolds, 757 F.3d 1216, 1220-1221 (11th Cir. 2014) (internal footnotes omitted).

As the cases cited by the parties demonstrate, decisions by district courts within the Eleventh Circuit are hopelessly divided on the issue. Compare Jakob v. JP Morgan Chase Bank, N.A., No. 5:23-CV-664-JSM-PRL, 2023 WL 11256436, at *2 (M.D. Fla. Dec. 21, 2023) (collecting cases)(snap removals undermine the purpose of the forum defendant rule) with North v. Precision Airmotive Corp., 600 F. Supp. 2d 1263, 1268 (M.D. Fla. 2009) (collecting cases)(*non-forum* defendant may remove despite the fact that the plaintiff has joined, but not yet served, a forum defendant).

While the three appellate decisions have not been met with universal critical acclaim, see, e.g., Jeffrey W. Stempel, Thomas O. Main, David McClure, "Snap Removal: Concept; Cause; Cacophony; and Cure", 72 Baylor L. Rev. 423, 423 (2020) ("*Recently, panels of the Second, Third and Fifth Circuits have sided with those supporting the tactic even though it conflicts with the general prohibition on removal when the case includes a forum state defendant, a situation historically viewed as eliminating the need to protect the outsider defendant from possible state court hostility.*"), Sunbelt has not identified any appellate decision to the contrary or any modification to the statute by Congress. The Court finds these cases to be persuasive. Removal of a case before

a named forum defendant is served is authorized by 28 U.S.C. § 1441(b)(2).  Unless the removal violated § 1441(b)(2) or another removal provision, or was improper for another reason, the removal in this case must stand.

### D. Sunbelt's Grounds for Remand

### (1)  Premature Filing of Notice of Removal

Sunbelt asserts that even if the forum-defendant statute authorizes removal, defendants removed this case "in an attempt to circumvent the forum-defendant rule."  (Doc. #12, at ¶ 6 & p. 5.) Specifically, Sunbelt argues that defendants' removal from state court was premature because there was no case pending in state court to be removed.  This was so, Sunbelt asserts, because the Notice of Removal was filed before the state court accepted the verified complaint, issued a case number, published the lawsuit, or issued summonses, none of which occurred until October 15, 2024. (Id. at p. 5.)  As a result, Sunbelt asserts, there was no state case pending when the notice of removal was filed, and defendants could not comply with 28 U.S.C. § 1446(f) or with Local Rule 1.06(b).  (Id.)  At least one circuit court has referred to such a pre-filing, pre-service removal as a "super snap removal."  That court found such notices of removal were legal nullities.  Casola v. Dexcom, Inc., 98 F.4th 947, 950 (9th Cir. 2024).

The federal statutes limit removal to a civil action which "is pending." 28 U.S.C. § 1441(a)("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…."). The requirement of a "pending" action is consistent throughout other removal statute provisions. See, e.g., 28 U.S.C. §§ 1441(d); 1441(e); 1443; 1452(a); and 1454(a).

Sunbelt argues that defendants' removal from state court was premature because there was no case "pending" in state court at the time the Notice of Removal was filed, making the removal a nullity. Under Florida law, there are two requirements for a civil action to be considered "pending" against a party. First, the party must be named in the action. Jon M. Hall Co., LLC v. Canoe Creek Investments, LLC, 385 So. 3d 648, 655 (Fla. 2d DCA 2024); Arizone v. Homeowners Choice Prop. & Cas. Ins., 313 So. 3d 913, 915-16 (Fla. 2d DCA 2021). Second, the action must be commenced against that party, which occurs in Florida when the

complaint is "filed." Fla. R. Civ. P. 1.050 ("Every action of a
civil nature shall be deemed commenced when the complaint ... is
filed.") "All documents," including a complaint, "must be filed
in conformity with the requirements of Florida Rule of General
Practice and Judicial Administration 2.525." Fla. R. Civ. P.
1.080(b). "The filing date for an electronically transmitted
document is the date and time that such filing is acknowledged by
an electronic stamp or otherwise, pursuant to any procedure set
forth in any ECF Procedures approved by the supreme court, or the
date the last page of such filing is received by the court or
clerk." Fla. R. Gen. Prac. & Jud. Admin 2.525(f)(3).

The record in this case shows that both defendants are named
parties in the Complaint and that the Complaint was pending in
state court on October 3, 2024. The top of the Complaint contains
the state court's computer-generated header on the first page:
"Filing #208230563 E-filed 10/03/2024 06:06:31 PM". (Doc. #1-1.)
Sunbelt filed what it calls the "Lee County Case Confirmation."
(Doc. #12-2, Exh. B.) The email verification to plaintiff's
counsel is dated October 15, 2024, and "verifies the processing of
your Filing #208230563 with the Lee County, Florida Circuit Civil
Division." The email indicated the case status was "Accepted,"
and that five documents including the Complaint had been "Accepted"
with a "Filing Date" of "10/03/2024." (Id.) In its Motion for

Remand, plaintiff states: "On October 3, 2024, Sunbelt Rentals filed this civil action in [state court]." (Doc. #12 at ¶ 1.)

The Court finds from the record that the state court civil action had been commenced against both defendants by its filing on October 3, 2024. This was prior to the October 10, 2024, removal to federal court. Defendants therefore did not prematurely remove the state civil action to federal court.

**(2)  Gamesmanship of Removal**

Sunbelt also asserts that even if the snap removal was authorized by § 1446(b)(2) and was not a pre-filing, the removal was improper because it was a product of "gamesmanship." The gamesmanship is identified as: (1) exploiting Sunbelt's professional courtesy in providing opposing counsel with a copy of the filed Complaint; and (2) exploiting the state court's closure due to Hurricane Milton, which resulted in a delay in processing the Summonses and Sunbelt's delay in being able to serve defendants. (Doc. #12 at p. 8.) Defendants deny any gamesmanship on their part while criticizing Sunbelt's conduct. Defendants essentially view the statutory provision as authorizing a race between Sunbelt's service of process and a defendant's filing a notice of removal. Defendants assert that they simply won the race without any "gamesmanship" being involved. (Doc. #19 at 2-3.)

It is not at all clear that the forum-defendant statute contains an exception for gamesmanship, even if it is shown. Congress knew how to make "bad faith" an exception to statutory removal provisions. See 28 U.S.C. § 1446(c)(1) (" A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action"); 28 U.S.C. § 1446(c)(3)(B) ("If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).") But Congress has not included any similar language in the forum defendant provision in § 1441(b)(2).

The Court is satisfied, however, that it has the authority to appropriately deal with misconduct by a party or counsel.

> The inherent powers of the federal courts include the authority to fashion sanctions for conduct that abuses the judicial process. Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107, 137 S. Ct. 1178, 197 L.Ed.2d 585 (2017). This power's "dual purpose" is "to vindicate judicial authority" and "to make the prevailing party whole." Purchasing Power[, LLC V. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017)]. The "key to unlocking" that power is a finding of bad faith. Id. But a blank conclusion that a party acted in bad

> faith is not enough; the court instead needs
> to make specific findings about which conduct
> justifies sanctions. DeLauro [v. Porto (In re
> Porto), 645 F.3d 1294, 1304 (11th Cir. 2011)].
> And those findings must show "subjective bad
> faith," meaning intentional and not just
> reckless behavior. Purchasing Power, 851 F.3d
> at 1224–25. Still, that intent can be inferred
> "if an attorney's conduct is so egregious that
> it could only be committed in bad faith." Id.

J.C. Penney Corp., Inc. v. Oxford Mall, LLC, 100 F.4th 1340, 1346

(11th Cir. 2024).

Sunbelt argues that defendants engaged in "gamesmanship" by

exploiting Sunbelt's professional courtesy in providing a copy of

the filed Complaint and exploiting the state court's closure due

to Hurricane Milton and the resulting delay in processing the

Summonses for service.  The Court finds no misconduct which would

justify remand of the case to state court.

While discussions with opposing counsel were continuing,

Sunbelt decided to file a complaint against Cox and LTC Power.

Sunbelt advised opposing counsel of this intent after 5:00 p.m. on

October 3, 2024, and filed the Complaint in state court within an

hour.  Four days later, on October 7, 2024, Sunbelt advised counsel

for LTC Power that the lawsuit had been filed, and upon request

provided opposing counsel with an electronic copy of the Complaint.

All this occurred while Hurricane Milton was either threatening or

imminent, with the state courthouse closing less than two hours

after Sunbelt provided a copy of the Complaint to opposing counsel.

Like Sunbelt, the defendants understood that the approach or aftermath of a hurricane did not preclude counsel from furthering their case. Defendants filed their Notice of Removal in federal court on October 10, 2024, although removal was not effective until October 15, 2024, when defendants filed a copy of the Notice of Removal in state court. No rule precluded Sunbelt from filing its Complaint while having discussions with the opposing counsel, and the forum-defendant statute did not preclude defendants from filing their Notice of Removal.

Additionally, there does not appear to have been any improper exploitation of the courtesy copy of the Complaint. Even without providing the electronic copy of the Complaint, Sunbelt had earlier advised opposing counsel that the lawsuit had been filed. As such, the contents of the Complaint were readily accessible to opposing counsel from the Lee County Clerk even without the courtesy copy.

The existence of the courtesy copy of the Complaint did not have any actual adverse consequences to Sunbelt. While there is an argument that the notice of removal was premature for a different reason than the one asserted in this case[5], this argument

---

[5] A notice of removal must be filed "within 30 days *after the receipt* by the defendant, through service or otherwise, of a copy of the initial pleading…." Id. at § 1446(b)(1) (emphasis added). Is undisputed that defendants were not officially served with the Complaint prior to the October 10, 2024, filing of the Notice of

was not raised by Sunbelt and cannot be raised now by Sunbelt or
the Court.[6]  In any event, the Supreme Court has held that the
time for removal under § 1446(b) does not begin with receipt of a
courtesy copy of a complaint, but only with proper service of a
complaint and summons.  Murphy Brothers, Inc. v. Michetti Pipe
Stringing, Inc., 526 U.S. 344, 347 (1999)(an individual or entity
"is not obligated to engage in litigation unless [officially]
notified of the action, and brought under a court's authority, by
formal process.")

The Court finds that Sunbelt has not established that there
was any "gamesmanship" sufficient to warrant remand.

IV.

Sunbelt also requests costs, including attorney fees,
pursuant to 28 U.S.C. § 1447(c), which provides "[a]n order
remanding the case may require payment of just costs and any actual
expenses, including attorney fees, incurred as a result of the

---

Removal, so arguably the window of time to remove the civil action
had not yet opened.

[6] Shipley v. Helping Hands Therapy, 996 F.3d 1157, 1160-61
(11th Cir. 2021) (party who does not file a motion to remand based
on a procedural defect within the 30-day time limit required by
the statute forfeits any procedural objection to removal); Whole
Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.,
254 F.3d 1317, 1321 (11th Cir. 2001) ("We hold that the district
court exceeded its authority under § 1447(c) by remanding this
case because of a perceived procedural defect in the removal
process without waiting for a party's motion.")

removal." Under this statute, a district court may, but is not required to, award attorney's fees. Martin v. Franklin Cap. Corp., 546 U.S. 132, 134 (2005). Nonetheless, the Court is mindful of its ability to deter defendants from raising spurious or frivolous theories to seek removal by imposing costs and expenses (including attorney's fees). Schleider v. GVDB Operations, LLC, 121 F.4th 149, 156 n.2 (11th Cir. 2024).

In this case the necessary predicate for the imposition of fees and costs is missing. The Court has not issued an order remanding the case, so the statute is not applicable.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Remand (Doc. #12) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of December 2024.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 22 -